**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONY T. MURRELL, | No. 19-16360 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-03020-DWL-DMF |
| v. | |
| CHARLES L. RYAN; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| VILLMA BURKE, RN; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted September 8, 2020**

Before:    TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Arizona state prisoner Antony T. Murrell appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A for failure to state a claim. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Murrell's claim against defendants Igwe, Perkins, Corliss, Shuman, Cordova, and Lesli because Murrell failed to allege facts sufficient to show that these defendants were deliberately indifferent to his back pain. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to the prisoner's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly dismissed Murrell's claim against defendant Ryan because Murrell failed to allege facts sufficient to show that Ryan personally participated in a constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability).

19-16360

The district court properly dismissed Murrell's claim against defendant Corizon Health because Murrell failed to allege facts sufficient to show that he suffered a constitutional violation as a result of an official policy or custom of Corizon. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (to state a § 1983 claim against a private entity that acts under color of state law, a plaintiff must show that a constitutional violation "was caused by an official policy or custom of [the private entity]").

The district court did not abuse its discretion by dismissing Murrell's third amended complaint without leave to amend because amendment would have been futile. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (setting forth standard of review and factors for determining whether to grant leave to amend); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (citation and internal quotation marks omitted)).

Murrell's motion for appointment of counsel is denied.

**AFFIRMED.**